## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| UNITED STATES DISTRICT COURT | District: Middle District of Florida |
|---|---|
| Name (under which you were convicted):<br>**Diego Gonzalez-Garcia** | 8: 23 cV 393 ~TPS~ cpt<br>Docket or Case No.: |

| Place of Confinement:<br>**Florida Department of Corrections** | Prisoner No.:<br>**C11355** |
|---|---|

| Petitioner<br>(include the name under which you were convicted)<br>  **Diego Gonzalez-Garcia**    **v.** | Respondent<br>(authorized person having<br>custody of petitioner)<br>**Scott Dixon, Secretary,**<br>**Florida Department of Corrections** |
|---|---|
| The Attorney General of the State of Florida, Ashley Moody | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging. **Twelfth Judicial Circuit, Sarasota County, Florida**

    (b) Criminal docket or case number (if you know):  **2015-CF-018220**

2. (a) Date of the judgment of conviction (if you know):**December 8, 2016**

    (b) Date of sentencing:  **January 9, 2017**

3. Length of sentence: <u>**Count 1**</u>**- Thirty (30) Years;** <u>**Count 2**</u>**- Life;**

    <u>**Count 3**</u>**- Thirty (30) Years;Count 4- Thirty (30) Years;**

    <u>**Count7**</u>**- Fifteen (15) Years; With All Sentencing Running Consecutively.**

4. In this case, if you were convicted on more than one count or of more than one crime?           **[X] Yes  [  ] No**

5. Identify all crimes of which you were convicted and sentenced in this case*:*

    <u>**Count 1**</u>*- Sexual Battery By A Person 18 Or Older Upon A Child Less Than 12;*

    <u>**Count 3 & 4**</u>*- Sexual Battery By A Person 18 Or Older Upon A Child Less Than 12 By A Person 18 or Older And Familiar Or Custodial Authority;*

    <u>**Count 7**</u>*- Lewd And Lascivious Molestation By A Person Over 18 Years Of Age Upon A Child 12 Or Older But Less Than 16*

6. (a) What was your plea? (Check one)

1

**[X] (1) Not Guilty**        [  ] (3) Nolo contendere

[  ] (2) Guilty        [  ] (4) Insanity plea

(b) If you entered a plea to one count different than the plea in any other count, what were the pleas? **N/A**

(c) If you went to trial, what kind of trial did you have? (Check one)

**[X] Jury**        [ ] Judge only

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   [ ]Yes **[X] No**

8. Did you appeal from the judgment of conviction?   **[X]Yes** [ ] No

9. If you did appeal, answer the following:

(a) Name of Court: **Second District Court Of Appeal, Lakeland, Fl**

(b) Docket or case number (if you know it); **2D17-0084**

(c) Result: **Per Curiam Affirmed**

(d) Date of result (if you know): **October 26th , 2018**

(e) Citation to the case (if you know): **256 So. 3d 160 (Fla 2nd, 2018)**

(f) Grounds raised:

**Grounds 1**: *Trial Court Erred In Admitting Into Evidence Collateral Crime Allegations Under the "Williams Rule";*

**Grounds 2**: *Trial Court Erred In Allowing Into Evidence A Recorded Interrogation Of Appellant Which Included Improper And Prejudicial Statements By Law Enforcement.*

**Grounds 3:** *The Trial Courts judgment And Sentence Are In Error Because The Evidence Is Insufficient To Support The Conviction Of Appellant; Or*

**Grounds 4**: *In The Alternative, This Court Should Reverse The Conviction Of Appellant In The interest Of Justice Because Such Was Rendered Contrary To The Weight Of The Evidence.*

(g) Did you seek further review by a higher state court? [ ] Yes   **[X] No**

(h) Did you file a petition for certiorari in the United States Supreme Court?

[ ] Yes   **[X] No**

2

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? **[X] Yes**   [  ] No

11. If your answer to Question 10 was "Yes",  give the following information;

(a) (1)  Name of court: **Second District Court Of Appeal, Sarasota, FL**

(2)  Docket or case number (if you know): **2D19-1523**

(3)  Date of filing (if you know): **April 22, 2019**

(4)  Nature of the proceeding:**Ineffective Assistance Of Appellate Counsel (Fla.R.App.P. 9.141)**

(5)  Did you receive a hearing where evidence was given on your petition, application, or motion? [ ] Yes   **[X] No**

(6 ) Result: **Denied**

(7)  Date of result (if you know): **June 11, 2019**

(b) If you filed any second petition, application, or motion, give the same information:

(c) (1)  Name of court: **Twelfth Judicial Circuit, Sarasota County, FL**

(2)  Docket or case number (if you know): **2015-CF-18220**

(3)  Date of filing (if you know): **February 21, 2019 (first 3.850 motion); February 22, 2019 (first amendment to 3.850); November 8, 2019 (second amended motion); October 9, 2020 (third amended motion).**

(4)  Nature of the proceeding: **Fla.R.Crim.P.3.850 Post-Conviction Motion and Amendments.**

(5)  Grounds raised:

**Grounds 1**: *counsel rendered ineffective assistance when he failed to call or depose eight (8) Colombian witnesses.*

**Grounds 2**: *counsel rendered ineffective assistance when he advised defendant not to testify at trial.*

**Grounds 3**: *counsel rendered ineffective assistance when he failed to use jail phone call as a defense tool to show the victim's motive to fabricate.*

3

**Grounds 4**: *counsel rendered ineffective assistance when he failed to dismiss capital felony charged by information rather than indictment.*

**Grounds 5**: *Counsel Rendered Ineffective Assistance For Failing To File A Motion In Limine Concerning The Victims Mothers Proposed Testimony*

**Grounds 6**: *Counsel Rendered Ineffective Assistance For Failing To Object And Move Advancement And Accumulation Of Improper Statements.*

**Grounds 7**: *Counsel Rendered Ineffective Assistance When He Failed To Impeach Luz Londono.*

**Grounds 8**: *Counsel Rendered Ineffective Assistance In Moving To Suppress A Controlled Call And Post Arrest Interview Made By Detectives.*

**Grounds 9**: *Counsel Rendered Ineffective Assistance When He Failed To Present The Theory Of Defense That Victim Mother Was Falsifying Allegations To Retaliate Against Petitioner.*

**Grounds 10**: *Counsel Rendered Ineffective Assistance By Not Objecting To Inflammatory And Prejudicial Comment Made By The Prosecutor In Closing Arguments.*

(6)    Did you receive a hearing where evidence was given on your petition, application, or motion?    [ ] Yes  **[X] No**

(7)    Result: **Summarily Denied**

(8)    Date of result (if you know): **June 16, 2021**

(d) Did you appeal to the highest state court having jurisdiction over the action(s) taken on your petition, application, or motion?

(1) First petition:        **[X] Yes**  [ ] No

(2) Second Petition:        **[X] Yes**  [ ] No

(3) Third Petition:        [ ] Yes  [ ] No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: **N/A**

12.  For this petition, state every ground on which you claim that you are being held

4

in violation of the Constitution, laws, or treaties of the United States. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later

**Ground One:**

**TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE WHEN HE FAILED TO DEPOSE AND OR CALL WITNESSES TO HIS TRIAL THAT WOULD HAVE TESTIFIED THAT VICTIM WAS FABRICATING THE ALLEGATIONS AGAINST THE PETITIONER IN VIOLATION OF THE PETITIONERS SIXTH AND FOURTEENTH AMENDMETNS RIGHTS.**

(a) *Supporting Facts*

Trial Counsel rendered ineffective assistance when he failed to attempt and/or use the testimony of 8 witnesses that would have supported the defense strategy at trial. Two of these witnesses would have testified that they heard the victim say that she was going to retaliated against the petitioner because of calling her mother and letting her know that she was taking drugs.

A district court may grant a party's request to depose a prospective witness "because of exceptional circumstances and in the interest of justice." *Fed. R. Crim.P.15(a)(1)*. The moving party bears the burden of showing that exceptional circumstances exist to warrant the deposition. *United States v. Carter*, 776 F.3d 1309, 1325 (11th Cir. 2015) (citing *United States v. Drogoul*, 1 F.3d 1546, 1552 (11th Cir. 1993). Three factors guide the exceptional circumstances analysis: whether (1) the witness is unavailable to testify at trial; (2) injustice will result because testimony material to the movant's case will be absent; and (3) countervailing factors render taking the deposition unjust to the non-moving party. *United States v. Ramos*, 45 F. 3d 1519, 1522-23 (11th Cir. 1995). "The principal consideration guiding whether the absence of a particular witness's testimony would produce injustice is the materiality of that testimony to the case." *Drogoul*, 1 F.3d 1552.

Petitioner satisfied the three prong Ramos test need to show that exceptional circumstances existed to warrant a court ordering a deposition to be taken. First, Mr. Gonzalez made a clear showing that his witnesses were unavailable. They lived in another country (Columbia), where the United States does not have subpoena power. So the witnesses could not be forced to come to the United States for their testimony at trial. But they indicated through their affidavits and through conversations with the

petitioner that they would make themselves available for depositions via teleconference or video conference. Mr. Gonzalez made this known to  his lawyer, but his Counsel did not follow through. Trial Counsel failed to even interview any of the defense witnesses mentioned by the Petitioner.

There was no basis to characterize Counsel's actions, or inaction, as sound trial strategy. And it cannot be said that there is no reasonable probability that the witnesses' testimony would not have seriously affected the outcome of the petitioner's trial. Two of the witnesses testimonies were material to the facts used by the State against Mr. Garcia. Those two witnesses would have testified to an event where the victim, in a fit of anger, said that she was going to find a was to retaliated against the Petitioner for interfering in her life by calling her mother to let her know that she was using recreational drugs with her boyfriend. Resulting  in her mother forcing her to break off the relationship.

The petitioner also had notarized affidavits from all the witnesses, that were taken by the Republic of Columbia Department of Foreign Affairs, stating their testimony and that they were available at any time for depositions   and testimonial evidence (*See Attached).*These affidavits were not just self-serving statements or conclusions of law. The statements in these affidavits raised genuine issues of material fact and/or proved the non-existence of a genuine issue of material fact. These personal statements by these witnesses provided material evidence disputing the State's case against the petitioner on the issue of whether the alleged victim was possibly fabricating the allegations against the petitioner for retribution purposes.

However, the petitioner's Counsel never attempted to depose or even contact these witnesses. These were the only testimonial evidence in the petitioner's case raising issues of genuine material fact. To deny the admittance of these affidavits was highly prejudicial to the petitioner, and violated his constitutional due process rights.

7

A strategic decision by defense Counsel will be held to constitute ineffective assistance "only if it was so patently unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright*, 709 F2d 1443, 1445 (11th Cir. 1983), *cert. denied*, 464 U.S. 1063, 104 S. Ct. 745, 79 L. Ed. 2d 203 (1984).

In *United States v. Mills*, 760 F. 2d 1116 (11th Cir. 1985), the 11th Circuit Court of Appeals found that the lower court had clearly erred in its characterization that trial counsel's inaction in interviewing witnesses was a strategic decision and did not deprive defendant of effective assistance. And in *Stanley v. Zant*, 697 F. 2d 955, 958 (11th Cir. 1983), the court showed that counsel's failure to pursue an entire line of defense may stamp his over all performance with the mark of ineffectiveness In the instant case, the inefficiency of petitioner's legal representation and strategy "was so patently unreasonable that no competent attorney would have chosen it." *Wainwright*, *Supra*. This ineffective severely prejudiced the petitioner at his trial, going to issue at the heart of the trial, thus resulting in a guilty verdict by the jury.

Petitioner has met the two-prong standard established in *Strickland* to show that his Counsel was ineffective in his representation of Mr. Garcia, violating the Petitioner's guaranteed rights under the Sixth and Fourteenth amendments of the United States Constitution.

Based on the above argument the Petitioner humbly request this Court to remand the instant case back to the lower court for further proceedings to provide whatever relief this Honorable Court deems appropriate.

(b)    If you did not exhaust your state remedies on Ground One explain why:N/A

(c)    Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise issue?

[ ] Yes  **[X] No**

(2) If you did not raise this issue in your direct appeal, explain why:

Ineffective Assistance of Counsel is not cognizable on direct appeal.

Type of motion or petition: **Fla.R.Crim.P. 3.850**

(d)    Post-Conviction Proceeding:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?                    **[X] Yes** [ ] No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Fla.R.Crim.P. 3.850**

Name and location of the court where the motion or petition was filed:

**Twelfth Judicial Circuit Court, Sarasota County, FL**

Docket or case number (if you know ):

Date of the court's decision:  **June 16, 2021**

Result (attach copy of the court's opinion or order, if available): **Summarily Denied**

(3) Did you receive a hearing on your motion or petition?    [ ] Yes  **[X] No**

(4) Did you appeal from the denial of your motion or petition?        **[X] Yes** [ ] No

(5) If your answer to Question (b)(4) is "Yes," did you raise this issue in the appeal?

**[X]Yes** [ ] No

(6) If your answer to Question (d)(4) is "Yes," state:

Type of motion or petition: **Appeal brief based on Fla. R. App. P. 9.141**

Name and location of the court where the motion or petition was filed: **Second District Court of Appeals, Lakeland, Fl.**

Docket or case number (if you know):    **2D21-2072**

Date of the court's decision: **2/16/2022; 2022 (Mandate issued 3/14/2022 due to request for discretionary review in the United States Supreme Court)**

Result (attach copy of the court's opinion or order, if available):

**Per Curiam Affirmed; 2022 Fla. App. LEXIS 1063**

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc. that you have used to exhaust your State remedies on Ground1:

**-Request for Discretionary Review in the *United States Supreme Court,* 3/2/2022;**

**- Dismissed 3/4/2022 for lack of jurisdiction**

<u>**GROUND TWO:**</u>

**TRIAL COURT ERRED IN DENYING THE PETITIONERS REQUEST TO HAVE WITNESSES IN HIS HOME COUNTRY OF COLUMBIA BE DEPOSED AND TESTIFY AT TRIAL WHERE THE PETITIONER SHOWED THAT THE WITNESSES WERE AVAILABLE, WHO THE WITNESSES WERE AND WHAT MATERIAL EVIDENCE THEY WOULD PROVIDE. THUS VIOLATING THE PETITIONERS FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS**

(a) Supporting facts:

Trial court violated petitioner's 5th and 14th Amendment rights by denying his request to have depositions taken of witnesses in Columbia and allowing them to testify at trial either in person or via video conference. These witnesses had exculpatory testimony that was material to the petitioner's case, and would have put serious doubt in

the jury's mind as to the petitioner's guilt and would have changed the outcome of the trial.

As explained in the previous argument a district court may grant a party's request to depose a prospective witness "because of exceptional circumstances and in the interest of justice." *Fed. R. Crim. P. 15(a)(1)*. The moving party bears the burden of showing that exceptional circumstances exist to warrant the deposition. *United States v. Carter*, 776 F.3d 1309, 1325 (11th Cir. 2015) (citing *United States v. Drogoul*, 1 F.3d 1546, 1552 (11th Cir. 1993). Three factors guide the exceptional circumstances analysis: (1) the witness in unavailable to testify at trial; (2) injustice will result because testimony material to the movant's case will be absent; and (3) countervailing factors render taking the deposition unjust to the non-moving party. *United States v. Ramos*, 45 F.3d 1519, 1522-23 (11th Cir.1995). "The principal consideration guiding whether the absence of a particular witness's testimony would produce injustice is the materiality of that testimony to the case." *Dorgoul*, 1 F3d at 1552.

The Petitioner satisfied all three prongs of Ramos to show exceptional circumstances existed that warranted the court ordering depositions in order to preserve the testimony for trial. The witnesses all had testimony to give that was material to Mr. Garcia's case, especially two of the witnesses that said they personally heard the alleged victim say she was going to get back at the petitioner for ruining her relationship with her then boyfriend, by telling her mother that she was doing drugs that were being provided by that same boyfriend. *(See attached affidavits).* That  testimony would have greatly corroborated and supported the Petitioner's defense that the alleged victim

fabricated the sexual assault claim on Mr. Garcia simply for retributional purposes. Seeing that there was no other testimony or evidence provided at trial to support the petitioner's defense that the victim was fabricating her claims, not granting the petitioners request to depose these prospective witnesses resulted in an extreme injustice to the petitioner. The trial court thus abused its discretion and violated the petitioner's Fifth, Sixth, and Fourteenth Amendment rights by not allowing the testimony of these prospective witnesses to be deposed and preserved for trial.

Based on the above argument the Petitioner humbly requests this Court to remand the instant case back to the lower court for further proceedings to provide whatever relief the Honorable Court deems appropriate.

-------------------------------------------------------------------------------

(b) If you did not exhaust your state remedies on Ground One explain why: **N/A**

(c) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

[ ] Yes   **[X] No**

(2) If you did not raise this issue in your direct appeal, explain why

**Ineffective Assistance of Counsel is not cognizable on direct appeal.**

(d) Post-Conviction proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?                **[X]Yes** [ ] No

(2) If you answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Fla.R.Crim.P. 3.850**

12

Name and location of the court where the motion or petition was filed: **Twelfth Judicial Circuit, Sarasota County, Fl.**

Docket of case number (if you know):

Date of the court's decision: **June 16, 2021**

Result (attach copy of the court opinion or order, if available):

**Summarily Denied**
(3) Did you receive a hearing on your motion or petition? [ ] Yes   **[X] No**

(4) Did you appeal from the denial of your motion or petition?

**[X]Yes** [ ] No

(5) If your answer to Question (b)(4) is "Yes," did  you raise this issue in the appeal?

**[X]Yes** [ ] No

(6) If your answer to Question (d)(4) is "Yes," state:

Type of motion or petition: **Appeal brief base on Fla.R.App.P. 9.141**

Name and location of the court where the motion or petition was filed: **Second District Court of Appeals, Lakeland, Fl.**

(7) Docket or case number (if you know): **2D21-2072**

Date of the court's decision: **2/16/2022; 2022 (Mandate issued 3/14/2022 due to request for discretionary review in the *United States Supreme Court* )**

Result (attach copy of the court's opinion or order, if available): **Per Curiam Affirmed: 2022 Fla. App. LEXIS 1063**

(e) **Other Remedies**: Described any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust you state remedies on Ground 1

13

-Request for Discretionary Review in the *United States Supreme Court,* 3/2/2022;

- Dismissed3/4/2022 for lack of jurisdiction

### GROUD THREE:

**TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE WHEN HE FAILED TO DEPOSE OR CALL A COLUMBIAN DOCTOR WHOM THE VICTIM WAS UNDER THE CARE OF DURING THE ALLEGD ABUSE THAT THE PETITIONER WAS CHARGED WITH, THUS VIOLATING THE PETITIONERS SIXTH AND FOURTEENTH AMENDMENTS RIGHTS.**

(a) Supporting fact:

Petitioner argues his trial counsels performance fell below the standard guaranteed by the Sixths amendment, and that there is a reasonable probability that "but for counsel's unprofessional error, the result of the proceeding would have been different. *See . Strickland v. Washington,* 466 U.S. 668, 687, 104 S. CT. 2052, 80 L. Ed. 2d 674 (1984).

This ineffective occurred when he failed to call or depose the Colombian doctor who was the only medical professional that maintained accurate medical records of the victim throughout the timeline of the allege abuse.

In order for the petitioner to bring a proper claim challenging counsels failure to call a witness he must allege: (1) the identity of the prospective witness; (2) the substance of their testimony; (3) the witness's availability; and (4) an explanation of how the omission prejudiced the outcome of the trial. *See Nelson v. Sate,* 875 So. 2d 579, 582 (Fla. 2004).

14

The petitioner made clear to his trial counsel the identity of the expert witness and the substance of her testimony. Also the identity of this expert witness and substance of the testimony were on the face of the record as exhibits to the victims depositions taken on or about March 31, 2016, thus meeting the two initial prongs established in *Nelson*. As far as the third prong in Nelson, availability of witness, could have easily been arrange via video trial testimony and/or video deposition to preserve her testimony for trial. The omission of this doctors testimony prejudiced the outcome of the trial as she was the only individual who maintained accurate medical records of the victim throughout the timeline of the alleged abuse. Her testimony would not have been speculation or opinion-based on her medical training, experience, and credentials. Instead her testimony is based on several years of medical records and interviews with the victim.

Trial counsel was ineffective for failing to bring to light the actual procedures that take place during these medical visits under Colombian jurisdiction and the corresponding results. Failure by trial counsel to either depose or present the Colombian doctor to the jury to analyze her procedures, under oath, during these medical examinations and her credibility as a trained medical expert, resulted in rave and compelling prejudice against the petitioner.

The only evidence of guilt that State had to proceed on was the alleged victims statements, and a recorded phone call that the petitioner made at the Sarasota County, Fla. jail while awaiting trial, which the State used to say that the petitioner made statements incriminating himself in the charged crimes. But the statements that the

15

State referred to in the recorded phone call were very ambiguous in nature, with no direct comment from the petitioner admitting to the offenses for which he was found guilty. There was no forensic evidence or

physical evidence showing there was any actual sexual abuse against the allege victim. So the petitioner conviction based on any  substantial evidence of guilt.

Therefore, there is a very reasonable probability that additional exculpatory evidence of the Colombian doctors testimony would have made a difference in the outcome of Mr. Garcia's trial. *See, Fortenberry v. Haley*, 297 F. 3d 1213, 1228 (11th Cir. 2002) (the failure to present exculpatory evidence is more likely to be prejudicial when the conviction is based on little evidence of guilt).

The expert witness testimony from this doctor was not opinion based and could not have been discredited by an opposing expert witness brought forth by the State. An expert witness brought forth by the prosecution could only have presented speculative testimony as to the results of the medical reports by the Colombian doctor, as no other doctor was present during these examinations. There is a significant difference between evidence based testimonies and speculative testimonies, wherein evidence-based testimony cannot simply be dismissed or omitted from criminal trial proceedings without a violation of Appellant's Sixth and Fourteenth Amendment.

The lower court erred in its April 9 , 2020, order denying this claim by assuming self-reporting was the only factor taken into by the doctor in Colombia when conducting the medical examinations of the victim and preparing the medical report. However, this conclusion is subjective and speculative because the doctor who made the report, or

16

any other expert, was not deposed or called to testify at trial in order to corroborate her medical reports, or say exactly what she looked at in her examination of the victim. If the doctor would have testified at trial, or at least been deposed, she could of corroborated her medical report that showed there was no signs of sexual abuse during the time of the alleged incident. According to the medical reports these were complete physicals that that the doctor preformed on the victim. Any sign of sexual abuse would have been observable by the physician that was doing such an exam. Further, she would have testified that the victim didn't seem to be under any pressure of coercion by the petitioner to omit certain facts about her sexual condition or history as the victim claimed was the case. Surely there would have been signs of tension, awkwardness or distress that would have been observable by the doctor during questioning or examination that would have put into question the alleged victims claims of pressure and coercion from the petitioner.

The testimony of a verified medical doctor, whether from a foreign country or not, always holds considerable weight in the mind of jurors. The doctors statements at trial would have backed up the defenses argument that the victim was fabricating the sexual abuse claims as retribution towards the petitioner. These  statements from a medical professional would have put into question in any fair-minded jurist mind the guilt of the petitioner on the alleged crimes.

The Petitioner has met the two-prong test in *Strickland* to establish ineffectiveness of trial counsel to the point that any reasonable jurist would believe that the outcome of the trial would have been different if it wasn't for the errors of his

counsel. Therefore, violating the petitioners Fifth, Sixth, and Fourteenth Amendment rights.

Based on the above argument the Petitioner humbly requests this Court to remand the instant case back to the lower court for further proceedings to provide whatever relief this Honorable Court deems appropriate.

-----------------------------------------------------------------------

(b) If you did not exhaust your state remedies on ground Three explain why : **N/A**

(c) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

[ ] Yes   **[X] No**

(2)  If you did not raise this issue in you direct appeal, explain why:

**Ineffective Assistance of Counsel is not cognizable on direct appeal.**

(d)  Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?       **[X]Yes** [ ] No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Fla.R.Crim.P.  3.850**

Name and location of the court where the motion or petition was filed:

**Twelfth Judicial Circuit, Sarasota County, FL**

Docket or case number (if you know):

Date of the court's decision: **June 16th, 2021**

 Result (attach copy of the court's opinion or order, if available):

**Summarily Denied**

(1) Did you receive a hearing on your motion or petition?

[ ] Yes   **[X] No**

(2) Did you appeal from the denial of your motion or petition?

**[X]Yes** [ ] No

(3) If your answer t Question (b)(4) is "Yes," did you raise this issue in the appeal?

**[X]Yes** [ ] No

(4) If your answer to (d)(4) is "Yes," state:

Type of motion or petition: **Appeal brief based on Fla.R.App.P. 9.141**

Name and location of the court where the motion or petition was filed:

**Second District Court of Appeals, Lakeland, FL**

Docket or case number (if you know): **2D21-2072**

Date of the court's decision: **2/16/2022; 2022 (Mandate issued  3/14/2022**

**due to request for discretionary review in the Unite States Supreme Court )**

Result (attach copy of the court's opinion or order, if available):

**Per Curiam Affirmed ; 2022 Fla. App. LEXIS 1063**

(e)  **Other Remedies:**  Describe any other procedures (such as habeas corpus ,

administrative remedies, etc.) that you have used to exhaust your state remedies on

Ground 1:

**Request for Discretionary Review in the United States Supreme**

**-Court, 3/4/2022;**

**-Dismissed 3/4/2022 for lack of jurisdiction**.

## GROUND FOUR

**TRIAL COURT ERRED IN GRANTING THE STATE'S REQUEST TO ALLOW "*OTHER CRIMES EVIDENCE* " OR "*OTHER BAD ACTS*" FROM ANOTHER COUNTRY WHICH WERE NOT SIMILAR TO THE CHARGED OFFENSES AND WERE HIGHLY PREJUDICIAL TO THE PETITIONER, THUS VIOLATING THE PETITIONERS FIFTH AND FOURTEENTH AMENDMENT RIGHTS.**

(a) Supporting facts:

On December 5th, 2016, the trial court granted the State's motion entitled, *Other Crimes Evidence and Statement During Defendant's Interview with Law Enforcement."* The trial court granted the inclusion of three (3) alleged incidents that happened in the country of Columbia that had to do with the alleged victim in this case.

To allow collateral crimes to be entered into evidence that were not part of the charged crimes, the trial court must make these finding; (1) whether the evidence is relevant or material to some aspect of the offense being tried, and (2) whether the probative value is substantially outweighed by any prejudice." *See, Deluise v. State* 72 So. 3d 248,251 (Fla. 4th,DCA 2011). This is commonly referred to as "Williams Rule" evidence. *See, Williams v. Sate*,110 So. 2d 654 (Fla. 1954). Even if relevant, such evidence should nevertheless be prohibited "if the probative value is outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." *Mclean v. State*, 934 So. 2d 1248 (Fla. 2006).

A review of the collateral crime Williams Rule evidence which the State submitted shows that they do not meet the requirement of similarity to the charged offenses. The allegations in Colombia happened in different ways and under different circumstances

than the charged offenses in the United States. Further, one of the incidents in Colombia happened when the alleged victim was older than the age of consent in Colombia (16 years old) and therefore even if it was proven it happened it would not have been a crime.

This evidence was also a "needless presentation of cumulative evidence." *Mclean* at 1248. This is shown by the State's answer brief on the petitioner's direct appeal of his judgment to the Second District Court of Appeal to the introduction of Williams Rule evidence. On page 23 of the State's brief (filed on 2/16/2018), said that the even if there was error in introducing the "other bad acts" evidence, it was harmless because there was "nothing especially egregious about those acts which was different from the charged offenses." That shows that the *Williams* evidence was needlessly cumulative and only made to assassinate the petitioner's character and negatively influence the jury. Mr. Garcia's Fourteenth Amendment due-process right to a fundamentally fair trial was violated by the court allowing *Williams Rule* evidence of other crimes to be presented that were highly prejudicial to the petitioner.

Even though there is no similar *Williams Rule* in the Federal courts, and therefore it cannot be clearly shown that the trial court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court." However, the issue here is whether the evidence allowed in by the trial court "so infused the trial with unfairness" as to deny Mr. Garcia's Fourteenth Amendment rights of due process of law. *See Thornburg v. Mullin*, 422 F.3d 1113, 1124 (10th Cir. 2005) (citing *Estelle v. McGuire*, 502 U.S. 62, 112 S. Ct. 475, 116 L.

Ed. 2d 385  (1991) (….as clearly established Supreme Court  law applicable to claim that trial court's erroneous admission of evidence violated due process and describing *Estelle* standard as whether introduction of challenged evidence "so infused the trial with unfairness as to deny due Process of law.")

Petitioner contends that the trial court allowing the introduction of past alleged uncharged sexual misconduct from another country fell under the *Estelle* standard, thus denying Mr. Garcia of his U.S. constitutional right to due process of law.

(b)  If you did not exhaust your state remedies of Ground Four explain why: **N/A**

(c) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did  you raise this issue? **[X]Yes**  [ ] No

(2) If you did not raise this issue in your direct appeal, explain why: **N/A**

(d) Post-Conviction Proceedings:

1.    Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? [ ]Yes  **[X] No**

2.    If you answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach copy of the court's opinion or order, if available):

3.    Did you receive a hearing on your motion or petition? [ ]Yes  **[X] No**

4.    Did you appeal from the denial of your motion or petition? [ ]Yes  **[X] No**

5.    If your answer to Question (b)(4) is "Yes," did you raise this issue in the

appeal?        [ ]Yes  **[X] No**

6.    If your answer to Question (d)(4) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach copy of the court's opinion or order, if available):

(e)  **Other Remedies:**  Describe any other procedures (such as habeas corpus ,
administrative remedies, etc.) that you have used to exhaust your state remedies on
Ground 4:

## <u>GROUND FIVE :</u>

**THE CUMULATIVE ERRORS OF THE TRIAL COURT AND THE PETITIONER'S
TRIAL COUNSEL DEPRIVED HIM OF HIS, FIFTH, SIXTH, AND FOURTEENTH
AMENDMENT RIGHTS TO EFFECTIVE ASSISTANCE  OF A FAIR TRIAL.**

(a) Supporting facts:

"This cumulative error doctrine provides that an aggregation of non-reversible errors
(i.e., plain errors failing to necessitate reversal and harmless errors) can yield a denial
of the constitutional right to a fair trial, which calls for reversal." *United States v. Baker,*
432 F.3d 1189, 1223 (11th Cir. 2005) Federal Courts address claims of cumulative error

by, "first considering the validity of each claim individually, and then examining any errors that we find in the aggregate and in light of the trial as a whole to determine whether the appellant was afforded a fundamentally fair trial. *See United States v. Calderon*, 127 F. 3d 1314, 1333 (11ᵗʰ Cir. 1997).

The petitioner asserts the cumulative error of the trial court and his trial counsel greatly prejudiced his trial and verdict to the point that any fair minded jurist would question whether the whole adversarial process was compromised to the point where Petitioner Garcia did not receive a fair and reliable trial guaranteed under the Sixth and Fourteenth Amendments under the United States Constitution.

-------------------------------------------------------------------------------

(b) If you did not exhaust your state remedies on Ground Five explain why:

**Ineffective assistance of Counsel is not cognizable on a post-conviction motion, therefore cumulative e error could not be shown.**

(c) Direct Appeal of Ground Five:

1. If you appealed from the judgment of conviction, did you raise this issue? **[X]Yes** [ ] No

2. If you did not raise this issue in your direct appeal, explain why: N/A

(d) Post-Conviction Proceeding:

1. Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?            **[X]Yes** [ ] No

2. If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Fla. R. Crim. P. 3.850**

24

Name and location of the court where the motion or petition was filed:

**Twelfth judicial Circuit, Sarasota County, Fl**

Docket or case number (if you know):

Date of the court's decision: **June 16th , 2021**

Result (attach copy of the court's opinion or order, if available):**Summarily Denied**

3. Did you receive a hearing on your motion or petition:[ ]Yes  **[X] No**

4. Did you appeal from the denial of your motion or petition?**[X]Yes**  [ ] No

5. If your answer to Question (b)(4) is "Yes," did you raise this issue in the appeal?
   **[X]Yes**  [ ] No

6. If your answer t Question (b)(4) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

    Result (attach copy of the court's opinion or order, if available):

7. If your answer to Question (d)(4)  or Question (d)(5) is "No," explain why you did

not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus,

   administrative remedies, etc.) that you have used to exhaust your state remedies

   on Ground Five:

12. Please answer these additional questions about the petition you are filing:
    (a) Have all grounds for relief that you have raised in this petition been presented

   to the highest state court having jurisdiction?  **[X]Yes**  [ ] No

If your answer is "No," state which ground have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has been presented in some state or federal court? If so which ground or grounds have not been presented, and state your reasons for not presenting them:

13. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition that you challenge in this petition?        [ ]Yes  **[X] No**

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised., the date of the court's decision, and the result for each petition,application, or motion filed, Attach a copy of any court opinion or order, if available:

Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment your are challenging?

[ ]Yes **[X] No**

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the grounds raised.

14. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: **Gino Lombardi**

(b) At arraignment and plea: **Gino Lombardi**

(c) At trial: **Gino Lombardi /Andrew Cummers**

(d) At sentencing: **Andrew Cummers**

(e) On appeal: **J.L. Perez**

(f)  In any post-conviction proceeding: **N/A**

(g) On appeal from any ruling against you in post-conviction proceeding:**N/A**

15. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? [ ] Yes **[X] No**

16. Timeliness of petition: If your judgment of conviction became final over one year ago, you must explain the on-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.ˑ: **N/A**

---

**The Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA") as contained in 28 U.S.C. §2254(d) provides in part that:

(1)A on-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State-court. The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the United States Supreme Court and made retroactively applicative to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## CONCLUSION

Therefore, petitioner asks that the Court grant the following relief:

As the State Courts decisions involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court in *Strickland* , *Wainwrite*, *Drogoul*, and *Estelle* and with the deficiency of petitioner's counsel falling well below the standards guarantee by the Sixth and Fourteenth Amendment, there is sufficient probability that the outcome of Mr. Garcia's trial was unjust and unreliable thus depriving him of a fair trial. Any fair-minded jurist would conclude based on the facts set forth in this motion, that the outcome of the Petitioner's trial would have been different if it wasn't for the errors of the state court, and the ineffectiveness of his counsel.

Since federal laws of the United States of America were violated, and petitioner is being held under coercive custody,under the color of the authority of the State of Florida, in violation of his Fifth, Sixth, and Fourteenth Amendment rights guaranteed in the U.S. Constitution, habeas corpus relief is warranted.

Based on the Constitutional and Federal errors in his trial as brought forth in this motion, the petitioner prays that this Honorable Court vacate his judgment and sentence and remand his case back to the lower court for a new trial, or any other relief to which this court deems appropriate correct these errors.

_____

Signature of Petitioner

28

I certify and declare, under penalty of perjury that the foregoing statements are true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on this _____ day of December 2022.

Executed (signed) on _02-16-23_ (date).

_____
Signature of Petitioner